UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYAN LENIN DUARTE LARA, | No. 1:26-cv-03492-DJC-CSK |
| Petitioner, | |
| v. | RELEASE ORDER |
| WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, | A# 244-102-873 |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 2)) seeking release from the custody of Immigration and Customs Enforcement ("ICE").  Given Respondents' indication that the Court should rule on the merits, the Court shall do so.

Petitioner raises claims that are functionally identical to those this Court has already addressed in prior orders.  Petitioner entered through the CBP One program and was paroled into the country.  (Pet. at 4–5.)  Petitioner was re-detained by ICE on February 28, 2026.  (Pet. at 5.)  Petitioner's present re-detention was enacted without notice or an opportunity to be heard and was not predicated on any changed circumstances since Petitioner's release.

The Court's prior orders are dispositive on the issues raised in the Petition and Motion. *See Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CSD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025); *Singh v. Andrews*, No. 1:25-cv-01543-DJC-SCR, 2025 WL 3248059 (E.D. Cal. Nov. 19, 2025); *Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Souza v. Robbins*, No. 1:25-cv-01597-DJC-JDP, 2025 WL 3263897 (E.D. Cal. Nov. 23, 2025). For the reasons stated in those cases, Petitioner has established that his present detention violates his due process rights. Petitioner has a clear liberty interest in his continued release. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 2.[1]

2. Respondents are ORDERED to immediately release Petitioner Dayan Lenin Duarte Lara from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

3. Respondents shall file a status report within five (5) days of Petitioner's release, confirming Petitioner's release.

4. The Clerk of the Court is directed to serve California City Detention Facility with a copy of this Order.

5. The Clerk of the Court is further directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **May 12, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

3